LOVAL'S ADM'R.
*vs*
JOHNSON.

---

MOTION.

Case 126.

September 25.

Case stated:

## Loval's Administrator *vs* Johnson.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Foreign Administrators. Practice in Chancery.*

JUDGE GRAHAM delivered the opinion of the Court.

A SUIT in chancery was instituted several years since, by Parke, who had been appointed by a Court in Pennsylvania, administrator of the estate of Loval, deceased, to recover of Johnson certain moneys, charged to be due from Johnson to Loval. During the progress of the suit, Johnson introduced and plead in bar an assignment by Loval to Walton, of all his estate in trust, &c. Parke replied, admitting the deed of assignment, but showing that Walton did not accept, and that he was appointed trustee in his stead. He also charges, that all the creditors entitled, had received their pay, and that the other creditors of Loval have now no claim or interest under the deed. The suit progressed to final decree in favor of Parke as administrator of Loval. To collect the amount decreed, Parke caused execution to issue on the decree. On motion, the Chancellor quashed the execution. Parke, by his counsel, then moved the Court for a rule against Johnson "to pay the decree," which was opposed by Johnson, because Parke had not given the bond with surety, duly to administer the

amount of the decree. The Court having overruled the motion, the complainant, Loval's administrator, has, by appeal, brought the case to this Court.

Before the passage of the act of 1812, (1 *Dig*. 674,) non-resident administrators were required to qualify, as such, and give bond in this Commonwealth previous to the commencement or prosecution of any claim in right of their testator or intestate. By that act, however, they are now authorized to commence and prosecute any suit, either in law or equity, in right of their testator or intestate, without previously taking the oath and giving the bond (theretofore) required by the laws of this State; "*provided,* that the recovery had by such executor or administrator, shall be considered as assets of their said testator or intestate; and before execution shall issue on such judgment, he or they shall give bond, with approved security, before the County Court aforesaid, as the law requires, duly to administer the same." This act is very positive in its requisitions, and, in ordinary cases, it cannot be doubted, that a non-resident administrator or executor, must give bond to account for the amount of the decree or judgment, as assets, before he shall be permitted to have execution on such judgment. It is true, that there is no actual necessity that an execution shall issue in every case of a decree for money. The Chancellor can cause his decrees to be carried out and performed by attachment, or other compulsory process, without resorting to execution, which is, in fact, a common law process, though sometimes adopted in chancery proceedings; but we apprehend that the object of the Legislature in that enactment was, to prevent money due from debtors in this State passing into their hands, except as assets, and that to secure a proper appropriation of these assets, they should execute the bond usually required of such fiduciaries, before they should be permitted to collect the money.

To permit such administrator or executor to collect, by rule of Court, or by attachment, money decreed to him, when he could not be permitted to collect or receive it under execution, would be an evasion of the ob-

such bond as the
Chancellor,  in
the exercise of a
sound discretion,
may require.

ject of the Legislature, although not in contravention of the express words of the act.

It is urged, however, that, in this case, and all similarly situated, it is impracticable for the administrator to execute such a bond, and that, if the execution of the bond is an essential pre-requisite to the collection of the money, the consequence necessarily is, that the fund must remain in the hands of the debtor.   This is so argued, because the fund has been assigned or transferred by Loval previous to his death, and that if Parke receives the fund as administrator, he would be required to account for it as assignee, and, of course, would, by force of circumstances, be compelled to violate his bond.   Under such circumstances, it would be extremely difficult, if not impossible, for a stranger to obtain the necessary security in the required bond.   But in his replication to Johnson's answer, Parke averred that the creditors of Loval, whose claims remain unsatisfied, have no claim or right under said deed of trust.   If, in that assertion, he was not mistaken, then the funds due from Johnson would, when received by him, be assets in his hands, as administrator, and, of course, it would be necessary that he give the bond required by the act of 1812.   It may be, however, that he was laboring under a mistake, and that the creditors will have a right to demand the money.   We suppose the Chancellor, whilst complying with the spirit of the act, might, in the exercise of a sound discretion, require a bond, with such conditions as the circumstances of the case requires; say a bond requiring Parke to account for the money, either in the character of administrator, or as assignee, as he may, in either character, by other proceedings, be held properly responsible.   He has, however, not asked for any rule or order of this kind, and will not be precluded from so doing, upon the return of this case to the Court below.

We perceive no error in the action of the Chancellor, either in quashing the execution,- or in refusing to grant the rule, as asked for by Parke.

Wherefore, this order of the Court below is affirmed.

*Duncan & Ripley* for ap'lt; *Loughborough* for ap'lee